*MCARTHUR BROTHERS V. CENTRAL TRUST CO. ET AL.

1. WHAT IS NECESSARY TO MAKE AN ORDER SUBJECT TO REVIEW.

An order made in an action or proceeding, in order to be available on error must so prejudicially affect a legal right as to extinguish it or destroy its proper and legitimate effect in the final determination of the subject in controversy.

2. REFUSAL TO SET ASIDE A SALE—REVIEW.

The refusal to set aside a sale may be preserved in the record as an error of the court on such motion, and be reviewed in proceedings to reverse the order of confirmation, but the refusal to set aside a sale is not a final order which may of itself be reviewed on error, within the meaning of Sec. 6707, Rev. Stat.

*Affirmed by the Supreme Court without report (63 O. S., 593).

HEARD ON ERROR.

*Cable & Parmenter*, for McArthur Bros.

*Thomas E. Powell*, for Broadhead.

*Doyle & Lewis*, for defendants.

PRICE, J.

Case No. 322, McArthur Brothers against the Central Trust Company of New York, et al., has been heard and submitted with case No. 326, Calvin E. Broadhead against the Ohio Southern Railroad Company, the Central Trust Company of New York, et al., and we have considered and will decide them together.

The Ohio Southern Railroad and all the railroad property of the company, both real and personal, was sold as an entirety on October 15, 1898, and the masters who had been appointed by the lower court to conduct and make the sale, reported the same to the court in due time. Soon after the report had been made and filed, Calvin E. Broadhead and others, claiming to be creditors of the railroad company, filed motions to set aside the sale. These motions were overruled by the court, to which exceptions were entered, and a bill of exceptions was taken and allowed containing the evidence heard on the motions and the other proceedings therein, and Broadhead and the McArthur Brothers prosecute error in this court to reverse the order of that court overruling the motions to set aside the sale. In the McArthur case several other creditors appear as defendants in error and have filed cross-petitions in error asking a reversal of the same order.

The principal ground of error relied upon arises from the following facts disclosed by the record: The masters, acting under the order of the court, advertised the property of the railroad company for sale at the door of the court house in Lima on August 20, 1898, at the hour of noon. On that day and at that hour, Calvin E. Broadhead, by his counsel, asked the court for a postponement of the sale to some future date, which request was granted. There is not much question that the sale to take place August 20, had been duly advertised as directed by the court. The sale was postponed to September 17, 1898, to take place at the hour of noon, and an announcement to that effect was then made by the masters, but no advertisement in the newspapers or any of them was made of the sale to occur September 17, 1898. On that day and at the hour fixed, no bidders appeared and, under the order of the court, the sale was again postponed to October 15, 1898, at the same hour, and this postponement was there and then announced by the masters, but the same was not advertised in any newspaper. At the hour fixed, on October 15, the property was sold and it is this sale that the plaintiff in error asked the lower court to set aside.

It is claimed that the sale was illegally made because the same was not advertised as required by law; and further, that no appraisal had been made and an unnecessary sacrifice of the property resulted.

The validity of the sale thus made, following the adjournments and without re-advertisement, has been the subject of the arguments of learned counsel in this case.

It is contended for the plaintiff in error that the court had no authority to appoint masters to make the sale; that orders of sale, like executions at law, should issue to the sheriff of one of the counties in

which the railroad is situated; and that the court had no power to dispense with the appraisal and the statutory advertisement of the time and place of sale. On the other hand it is contended, for the Central Trust Company and the purchasers, that, inasmuch as all the railroad property was in the hands of the court by receivers, the chancery power of the court having such custody and control of the property, need not follow the statutory rules pertaining to judicial sales, and had the power to direct the postponements of the sale without re-advertisement, and could fix a minimum price to govern bidders, instead of an appraisement. Other points were made to show that plaintiffs in error ought not now be heard to disturb the purchasers in their possession of the property, for which they have paid and received a deed of conveyance.

But it occurs to us that there is one question that must be met and determined before we reach the proposition so ably discussed by counsel.

Was the refusal to set aside the sale a final order that may be reviewed on error? As a summary of various decisions of the courts, the code has defined what is a final order. This definition is found in Sec. 6707, Rev. Stat., and is this: " An order affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment; and an order affecting a substantial right made in a special proceeding, or upon a summary application in an action after judgment, is a final order which may be vacated, modified, or reversed as provided in this title." The first clause of this definition cannot apply to the question under consideration, because the order did not determine an action and prevent a judgment. Nor was it an order made in action. If it was, it was an interlocutory order merely. Does it come under the latter clause of the section, as "an order affecting a substantial right made in a special proceeding, or upon summary application in an action after judgment?" The right affected in the special proceeding must be a legal right. This was held by the Supreme Court in Armstrong v. Herancourt Brewing Co., 53 Ohio St., page 467, (42 N. E. Rep., 425).

An erroneous order is not reviewable, unless it affects a substantial right, and it must appear to be prejudicial. This is held in Noble v. Martin, 2 Circ. Dec.. 598 [4 R., 365–8].

Hence, it is not every ruling or order made in an action or proceeding, although erroneous, that may be reviewed on error. It must so prejudicially affect a legal right of the party as to extinguish such right or destroy its proper and legitimate effect in the final determination of the subject in controversy.

We have found no decision in this state on the exact and precise question here. The Supreme Court has decided, in several cases, that no appeal lies from an order confirming or refusing to confirm a sale. But we are greatly aided by the rule of analogy which we gather from several decided cases in this state.

In Thatcher v. Watson, 51 Ohio St., 561, the Supreme Court decided that a refusal to dismiss an appeal is not a final order, reviewable on error, and while we have but the syllabus stating that point, we think that the reason for the holding is very evident. Refusing to dismiss the appeal, obliges the party to remain in court and litigate the case and incur loss of time and also expense thereby, and to this extent it might be well said he will be prejudiced; but refusing to dismiss the appeal determines no right in controversy between the parties, and it may be that on the trial the opposite party will fail and be defeated. On the contrary, if the

party who moved for the dismissal of the appeal should lose on the trial, he may prosecute error to reverse the final judgment rgainst him, and if the court erred in refusing to dismiss the appeal, such refusal could be assigned for error in the petition to reverse the judgment. Such error would be preserved in the record until final judgment and become the subject of review on the question of error in the judgment. But the refusal to dismiss the appeal is not a final order and cannot be reviewed until the determination of the issues in the case. Another rule which is settled in Ohio is that error cannot be prosecuted to an order of the court setting aside a verdict and granting a new trial. Such an order, in one sense, is prejudicial to the successful party, because the results in his favor of an expensive trial are set aside and he is required to incur the expense of a new trial with all its attending uncertainties, but such order is not a final order in the action, because no final judgment is rendered in such case until the court sustains a verdict.

Again, the overruling of a motion for new trial, of itself, is not such final order as may be reviewed upon error.

This rule is stated in Young v. Shallenberger, 53 Ohio St., 291 [41 N. E. Rep., 518]. In that case the jury returned a general verdict in favor of one of the parties and the clerk of the court on the same day entered on the record a judgment on the verdict. A motion for new trial was filed within three days after the rendition of the verdict. The verdict and judgment were entered on April 29, 1892. The motion for new trial was not overruled until June 20, 1892. But the summons in error was not issued until December 10, 1892, and served on the twentieth of that month, although the petition in error had been filed November 19, preceding. More than six months had passed since the return of the verdict and entering of the judgment, but the order overruling the motion for new trial, being made June 20, the petition in error had been filed and service made within six months thereafter. The circuit court dismissed the petition in error. The case went to the Supreme Court and it was contended there, among other things, that the order overruling the motion for new trial, under the peculiar circumstances of that case, was a final order that could be reviewed.

In the fourth syllabus the law is stated to be, that: "The overruling a motion for new trial is not a final order to which error can be prosecuted." On pages 300 and 301, Justice Williams, speaking for the court, uses the following language, which is pertinent to the case at bar. He says, after quoting Sec. 6707, Rev. Stat., as to what is a final order: "It is clear that the overruling of the motion of plaintiff in error for a new trial was not an order made in a special proceeding, or upon a summary application after judgment. * * * Nor is it an order in an action which both affects a substantial right and in effect determines the action and prevents judgment within the meaning of the section of the code alluded to. The action ends with the judgment, and the motion, which is an application to the court to reconsider its judgment, and for a retrial, is usually, though not always, essential to the proper preservation and presentation of the errors preceding the judgment, when relied on to obtain a reversal of it. Error lies to the judgment, but not to the decision of the motion; though that decision may be made a ground for the reversal of the judgment. It has long been settled in this state, that an order of the court, granting or overruling a motion to set aside the verdict of a jury and grant a new trial, is not a final judgment or order for

McArthur v. Trust Co.

the reversal of which error can be prosecuted before the final disposition of the case." And for this proposition he also cites "Conor v. Runnels, 23 Ohio St., 601," and continues as follows: "It may be said that sustaining the motion (for new trial) has the effect of preventing a judgment in favor of the successful party at the trial, and affects a substantial right of his, by subjecting him to the costs and uncertainties of another trial, and it undoubtedly does temporarily prevent final judgment, but not eventually. * * * And so if the motion be overruled the unsuccessful party must incur the expense of a proceeding in error, if he is dissatisfied with the result, but neither the overruling or sustaining of the motion is, within the meaning of the code, such final order as may itself, be the foundation of a proceeding in error."

There is another Ohio case from which we borrow some light. It is Aultman, Miller & Co. v. Assignees, 31 Ohio St., 201.

In that case the question involved was the right to appeal from the order of the probate court setting aside the sale of real estate, and the syllabus of the case is: "No appeal lies from the decision of the probate court, setting aside or refusing to confirm a sale made by an assignee for the benefit of creditors."

But we refer more particularly to the language of the court on page 205, which is as follows: "The refusal to confirm the sale concludes no rights of property. True, it does settle that the inchoate agreement is not to be completed; but until confirmed by the judge, the agreement is imperfect. Confirmation is essential to make it complete and binding.

"The refusal to confirm, or the setting aside a sale, unlike its confirmation, leaves the property undisposed of, to be again offered for sale, and giving all desiring to purchase an equal opportunity to do so."

Now, according to this decision, had the lower court granted the motion of the plaintiffs in error and set aside the sale, it determined nothing, and the defendants in error could not have reviewed the order in error, because it was not a final order in the case or proceeding. If that is true where the sale is set aside, it ought to be true where the motion to set aside is re used. As the court said in that case, "confirmation is essential to make it complete and binding."

And we add that confirmation of the sale is what determined the rights of the parties in this case, and it is to that order that error may be prosecuted, if it was erroneous, and in such proceedings, it may be that if the court erred in refusing to set aside the sale as alleged in this proceeding, that error may be preserved in the record as to the rulings on that motion, and considered in the proceedings to reverse the order of confirmation, as the decisions of a court on important motions and demurrers made in the progress of an action or proceeding, may be reviewed on error to reverse the final judgment or order determining the action or proceeding.

Therefore we hold that the refusal to set aside the sale was not a final order which may of itself be reviewed on error. In addition to the principles above referred to, we might add, that the court might have properly denied that motion and yet refuse to confirm the sale. It must be borne in mind that the railroad property was in charge of the court through its receivers, and after denying such motion the court might discover reasons sufficient to set aside the sale *sua sponte*. Several weeks intervened between the order refusing to set aside the sale and its confirmation. There was nothing in refusing to sustain the motion of the plaintiffs in error to conclude such action on the part of the court.

And again : these plaintiffs in error had a right to appear and resist the confirmation of the sale, and present the old and any new reasons why the order of confirmation should not be made. That was the important time to be heard and to except, for that was the final order as to the disposition of the property, and upon the order of confirmation necessarily would be based all of the orders in the distribution of the proceeds of the sale.

Now apply these rules and observations to the cases at bar. As the transcript of the record shows, no one objected to the confirmation, and no one excepted to its being made.

In the case of McArthur Brothers, plaintiffs in error, they do not attack the order of confirmation in their petition, and do not assign error in the making of that order. The only relief they ask here is a reversal of the order refusing to set aside the sale, and, as we have said, that order of itself, is not a foundation for proceedings in error and it is not a final order.

In the petition in error of Broadhead, the order of December 28, 1898, confirming the sale, is slightly referred to as the judgment which is complained of ; and as errors committed by the lower court, it is said the court erred in overruling motion to set aside the sale and also erred in confirming the sale, and both are asked to be reversed, as we may infer from the language of the petition. But, as before stated, there was no objection made to the confirmation and no exception entered thereto, and the record shows a confirmation without objection from any source.

It is true, that we find in the transcript, that on March 3, 1899, several months after the sale, in proceedings in the case before Judge Hubbard, Calvin E. Broadhead asked an exception to the order of that judge expunging a certain order made by Judge Sheets on January 5, 1899; but Judge Hubbard allowed no exception, and we have no bill of exceptions from that ruling. That exception, if allowed, would not be an exception to the confirmation of the sale. It was too late for that, because it was made during a subsequent term. So, that in no event, has Broadhead preserved in the record the right to review the order of confirmation of the sale. The proceedings of that occasion are not brought into the record before us. Without that we cannot reverse the refusal to set aside the sale because it was not a final order.

Entertaining these views, we do not deem it necessary to pass upon the other questions of the case, but we incline to the opinion that the sale was legally made.

Judgments affirmed.